# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DONNA AUSTIN, ET AL.,

    Plaintiffs,

vs.                               CASE NO. 4:09-CV-97/RS-WCS

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

    Defendant.
_____/

## ORDER

Before me are Plaintiffs' Motion to Stay Proceedings pending decision of the Judicial Panel on Multidistrict Litigation (Doc. 56) and Defendant's response (Doc. 63). Plaintiffs have requested the Judicial Panel on Multidistrict Litigation re-join the cases that I severed on August 12, 2009, (Doc. 41) and return them all to this Court, the U.S. District Court for the Northern District of Florida, Tallahassee Division.

    The rules of the Judicial Panel on Multidistrict Litigation ("the Panel") state that the pendency of a motion before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 "does not affect or suspend orders and pretrial

proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule 1.5 R.P.J.P.M.L., 199 F.R.D. 425, 427 (2001). Thus, it is within a court's discretion to deny a motion to stay proceedings pending a decision by the Panel. *See Shallcross v. Bausch & Lomb Inc.*, 2007 WL 141280 *3 (M.D. Fla. 2007); *Turrett v. JetBlue Airways,* 2003 WL 23171693 *2 (C.D. Cal. 2003); *Davis v. Coopers & Lyrband* 1991 WL 211288 *1 (N.D. Ill. 1991).

Plaintiffs assert that to deny a stay would lead to a waste of judicial resources, potentially inconsistent rulings, and duplication of discovery efforts. Judicial resources would not be wasted by continuing to proceed with discovery in this case while the motion with the Panel is pending, since any discovery that occurs will inevitably be required even if the other Plaintiffs are eventually rejoined. *See Davis* at *1. Furthermore, if the Panel decides to grant Plaintiffs' motion the cases will all be returned to this Court. Thus, it would not be a waste of resources for this Court to continue to familiarize itself with the case and oversee discovery, nor would any inconsistent rulings occur since this Court will ultimately be in the position to make rulings in this case regardless of whether Plaintiffs' motion before the Panel is successful or not.

Additionally, no efficiency would be achieved for the parties by granting a stay because duplication of discovery would not occur. As a prior similar case,

*Rudolph et. al. v. Department of Corrections* (5:06-cv-00056), demonstrated, the damages, experiences with the inmates, and responses of supervisors vary considerably between each Plaintiff. No efforts would be duplicated by allowing discovery to continue, because discovery will need to be conducted for each individual Plaintiff eventually, regardless of whether the other Plaintiffs are rejoined or not. *See Davis* at *1. My prior experience has established that the most efficient way to dispose of these types of claims is to try the claims separately by each prison involved. That is why I previously severed these Plaintiffs' cases. (Doc. 41). I find that no efficiency would result from granting a motion to stay, nor would any prejudice or waste be caused by allowing discovery to continue while the motion is pending before the Panel.

The relief requested by Plaintiffs is **denied**.

**ORDERED** on September 25, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**