UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONNA AUSTIN, ET AL.,

       Plaintiffs,

CASE NO. 4:09CV97-RS/WCS

v.

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

       Defendant.

_____/

## DEFENDANT'S **AMENDED**[1] MOTION FOR FINAL SUMMARY JUDGMENT AGAINST PLAINTIFF, KATHRYN L. MORGAN, AND INDIVIDUALIZED STATEMENT OF UNDISPUTED FACTS[2]

Defendant, Department of Corrections, State of Florida (hereinafter "DOC"), pursuant to Fed.R.Civ.P. 56 and N.D. Fla. Loc. R. 56.1, moves for the entry of final summary judgment in its favor and against the Plaintiff, Kathryn L. Morgan, and submits its statement of undisputed facts in support thereof.

## STATEMENT OF UNDISPUTED FACTS

1.      Ms. Kathryn L. Morgan was a wellness education specialist at Washington C.I. (Complaint, para. 83)

2.      Her dates of employment at Washington C.I. were June of 1998 until January 17, 2002. (K. Morgan depo., p. 24, 116).

---

[1] This motion is amended to correct erroneously stated dates within the "Time Bar" section of the motion. Defendant's request the Court and opposing counsel to disregard the originally filed motion.

[2] Many undisputed facts, particularly departmental or institutionally-based efforts to curtail the inmate misconduct which underlies Plaintiffs' claims, are germane to several, if not all, of Defendant's motions for summary judgment. Rather than unnecessarily repeating much of the same information in multiple motions and statements of undisputed fact, Defendant will file one, separate omnibus statement of undisputed facts which is germane to multiple motions in addition to the instant statement to facts directly and individually relevant to each Plaintiff in that Plaintiff's respective motion.

3.  In support of her claims, Ms. Morgan filed a charge of discrimination with the Florida Commission on Human Relations, FCHR Charge 2007 01517, on  May 9, 2007. A true copy of the charge and related materials are attached hereto as Exhibit A.  The dates associated with her FCHR activity are as follows:

(a)  December, 2001:  "Most recent act of discrimination," as noted in charge.

(b)  May 9, 2007:  FCHR charge filed.  The attachment claims piggybacking on Rudolph charges and tolling due to class action.

(c)  June 28, 2007:  *(51 days later)* Letter from FCHR to J. Davis, advising of passage of *more than 180 days* since date of filing and of availability of election of rights; letter shows charge date of August 31, 2001.

(d)  June 28, 2007:  Letter from Cathy Leggett memorializing communication from DOC that there was no need to respond because FCHR had decided to issue "right to sue" letter.

(e)  July 17, 2007:   Election of Rights form returned to FCHR by J. Davis, withdrawing FCHR complaint in order to file suit under Chapter 760, Fla. Stat.

(f)   July 25, 2007:  Notice of Dismissal entered by FCHR, noting that more than 180 days has passed since charge filed.

4.  Plaintiff's charge of discrimination apparently was not referred to EEOC, and Plaintiff has never received a federal "right to sue" letter.  (Plaintiff's Answers to DOC's 2nd Interrogatories, # 1; attached as **Exhibit B**).

5.  Plaintiff filed her lawsuit, asserting claims under both the Florida Civil Rights Act and Title VII, on March 13, 2009.  The complaint alleges that DOC, through its actions or inactions, has created, maintained, and fostered a sexually hostile work environment

because close management inmates "gun," or masturbate at, female non-security staff and subject them to verbal obscenities.  (Complaint,)

6.  Ms. Morgan initially began her employment for DOC in 1994, when hired as a wellness education specialist at Walton Correctional Institution. (K. Morgan depo., p. 24.)[3] She worked at Walton CI until June of 1998. (26.)

7.  In June of 1998, Ms. Morgan transferred to Washington Correctional Institution because she was pregnant and Washington CI was closer to her home. At Washington, her duties included teaching Fresh Start and wellness classes, coordinating intramurals, talent shows and Black History Month (27).

8.  In July of 1999 Ms. Morgan added teaching wellness classes to close management inmates to her duties. (28, 43) She was not exposed to any alleged harassment until she began teaching the close management inmates in July of 1999 (70).

9.  Ms. Morgan testified that her duties required her to go to the close management dorm on Fridays to teach two classes. Because only 10 inmates could attend wellness class at a time, the other inmates attended by mail, which required her to go to their cell doors to deliver/pick up information (48).

10.  The two classes were conducted in the dorm quad within sight of the officer's station. Ms. Morgan testified that an officer was always in close proximity to the class and always accompanied her (54-55).

11.  During new employee orientation, DOC instructed Ms. Morgan on how to write disciplinary reports and incident reports, covered the Department's, sexual harassment and taught employees about using the chain of command (33-34). Ms. Morgan was fully

---

[3] Subsequent numeric citations will be page and line references to Ms. Morgan's deposition.

3

aware that she could write disciplinary reports for inmate misconduct and that incident reports could be used to report staff misconduct. (35).

12.  Although Ms. Morgan wrote disciplinary reports, she believes that many were Thinks DRs must not have been processed because inmates would not move cells (73) or that her DRs were not processed (79).

13.  Although she wrote disciplinary reports, she never wrote any incident report on a staff member (91).

14.  Regarding security officers, Ms. Morgan testified that some are better than others (60:15). However, at least 70 percent of time, she was escorted by Officer Leach, whom she identified as being the best. She testified that Leach staying close, ensuring inmates were dressed, looked into the cells to ensure no inappropriate behavior and always reprimanded misbehaving inmates (62-63). In addition she testified that while making rounds in the close management dorm, an officer was always with her (75). None of the officers ever actively encouraged the inmates to engage in sexual misconduct (100: 21).

15. None of inmates in her wellness classes ever acted out in a sexually inappropriate manner. In addition, she was never touched or physically threatened by an inmate, nor did any of the inmates ever use violent or sexually provocative language during class (67).

16. Ms. Morgan does not recall the names of any of the inmates who gunned her (73).

17. Although she says that the conditions at Washington CI were terrible and that she wanted to go back to her old job at Walton CI, Mr. Morgan testified that she had the

option to return to Walton CI but refused to transfer unless Walton CI gave her a 25 dollar a month salary increase (112-113).

18. Ms. Morgan resigned from Washington CI no later than January 1, 2002 (116).

## MOTION FOR SUMMARY JUDGMENT

DOC is entitled to final summary judgment in its favor and against the Plaintiff because the facts recited above, together with all of the record evidence, demonstrate that her claim does not meet the "severe and pervasive" standard required of hostile work environment claims; the behavior of the inmates has not altered a term or condition of her employment; DOC made a reasonable response; and even in the event of an otherwise cognizable claim, her claims are time barred or limited in scope.   Moreover, because she is no longer employed by DOC, she has no standing to seek declaratory and injunctive relief.  On these critical elements, for which the Plaintiff bears the burden of proof, there is no genuine issue of material fact, and DOC is entitled to judgment as a matter of law.

## THE TIME BAR

. Ms. Morgan terminated her employment with DOC on January 17, 2002, prior to the Rudolph case being filed.  At that point, she was required to file an administrative charge of discrimination for her Title VII claim within 300 days, and for her FCRA claim within 365 days.  She did not, nor can the Rudolph class action salvage her claims.  When Rudolph was filed August 16, 2002, 211 days had passed since Ms. Morgan's the last possible act of discrimination.  Her filing obligations were tolled during the pendency of the class action, but the limitations period began to run again upon entry of the November 9, 2006, decertification order.  Ms. Morgan's subsequent FCHR charge was filed nearly 7 years after her termination and 182 days following the decertification order.  Taking into

account the tolling of the class action, Ms. Morgan filed her administrative charge 393 days following her last date of possible injury.  Her administrative charge is untimely and she has failed to  meet a condition precedent to this lawsuit, entitling DOC to summary judgment.

Ms. Morgan was employed by DOC prior to December 30, 2002, so she qualified for membership in both certified sub-classes and, as discussed above, had her filing obligation tolled.  However, as one who relied upon the single filing rule, she was required to pursue her Title VII claim within 90 days of the decertification order.  She did not do so and is therefore barred from seeking Title VII relief on this alternative ground.

Additionally, Plaintiff is not entitled to a four year statute of limitations for the filing of her FCRA claim.  She knowingly and improvidently withdrew her claim from FCHR only 82 days after she had filed it.  The Commission did *not* fail to make a determination within 180 days.  At best, Plaintiff is entitled to the one year limitations period afforded to claimants who receive a cause determination.  As Plaintiff filed her complaint more than one year after her notice of dismissal on June 25, 2007, her complaint is again barred by the statute of limitations.

### .DECLARATORY AND INJUNCTIVE RELIEF

Even if her action was timely, Ms. Morgan is no longer employed by DOC, and there is no potential for ongoing injury, nor would there be any benefit to her from the entry of declaratory and injunctive relief.  As she has no standing to seek this relief, summary judgment should be granted to DOC.

### THE MISCONDUCT WAS NOT OBJECTIVELY AND SUBJECTIVELY SEVERE AND PERVASIVE

Based on the undisputed record evidence, Plaintiff cannot show that she objectively and subjectively perceived the environment at Washington C.I. to be so sever and pervasive as to alter the terms and conditions of her employment. Reeves v. C.H. Robinson Worldwide, Inc., 594 F. 3d 798, 809 (11th Cir. 2010). First, the conduct is not objectively severe and pervasive, given the context of a close management prison. . See Oncale v Sundowner Offshore Services, Inc., 523 U.S. 75, 81-82 (1998); Slayton v. Ohio Dept. of Youth Services, 206 F. 3d 669, 674 (6th Cir. 2000); Powell v. Morris, 37 F.Supp.2d 1011 (S.D. Ohio 1999). Ms. Morgan testified that she was never touched by an inmate and was only exposed to gunning one day per week.

Second, the fact that Plaintiff had the opportunity to return to her old position at Walton CI but refused to do so without a $25 raise demonstrates that she did not perceive the inmates' misconduct at Washington CI to be so severe and pervasive so as to alter the terms and conditions of her employment.

### DOC IMPLEMENTED REASONABLE REMEDIAL MEASURES

In addition, Plaintiff's claim also fails because she cannot, as a matter of law, prove that DOC did not take any reasonable corrective action in response to the inmate misconduct of which she complains. See Watson v. Blue Circle, Inc., 324 F.3d 1252 (11th Cir. 2003). Ms. Morgan testified that she understood the disciplinary report process and wrote disciplinary reports when gunned. In addition, her own testimony establishes that the officers followed departmental procedures. She was escorted properly, was not left alone with inmates, and none of the officers ever encouraged the behavior.

Criticism of officer's attitudes or frustrations resulting from the fact the some disciplinary reports may have been rejected due to procedural deficiencies which violated

the inmates' due process is not sufficient to negate DOC's reasonable response and create liability under Title VII. See Akines v. Shelby Co. Gvmt , 512 F.Supp.2d 1138 (W.D. Tenn. 2007); Waymire v. Harris County, 86 F. 3d 424, 429 (5th Cir. 1996). Similarly, allegations that some security officers did not protect her from gunning or had bad attitudes do not cancel out the rest of DOC's many reasonable responses to the behavior. See Waymire v. Harris County, 86 F. 3d 424, 429 (5th Cir. 1996); Maine v. Oklahoma DOC, 1997 W.L. 602688 at 2 (10th 1997). Therefore, because Plaintiff cannot show that DOC failed to take reasonable corrective action, Defendant is entitled to summary judgment.

WHEREFORE, the Defendant, Florida Department of Corrections, moves for final summary judgment in its favor on the stated grounds.

Respectfully submitted,

s/ Laura Beth Faragasso
LAURA BETH FARAGASSO
Florida Bar No. 0654604
Email address: lbfaragasso@henryblaw.com
CARRIE ROANE
Florida Bar No. 0192491
Email address: croane@henryblaw.com
J. STEVEN CARTER
Florida Bar No. 896152
Email address: scarter@henryblaw.com
Henry, Buchanan, Hudson,
Suber & Carter, P.A.
P.O. Box 14079
Tallahassee, Florida 32317-4079
(850) 222- 2920 Telephone
(850) 224-0034 Facsimile

s/ James O. Williams, Jr.
JAMES O. WILLIAMS, JR., ESQUIRE

Florida Bar No. 614513
Email address: jwilliams@wlclaw.com
MAURA M. BURGREEN, ESQUIRE
Florida Bar No. 0013316
Email address: mburgeen@wlclaw.com
DAWN MCMAHON
Florida Bar No. 73531
Email address: dmcmahon@wlclaw.com
Williams, Leininger & Cosby, P.A.
1555 Palm Beach Lakes Blvd.
Suite 301
West Palm Beach, Florida 33401
(561) 615-5666 Telephone
(561) 615-9606 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic filing via the CM/ECF system on this 7th day of June, 2010, to counsel for Plaintiffs:

JOHN C. DAVIS
Attorney for Plaintiffs
Florida Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, Florida 32303
Telephone: (850) 222-4770
Facsimile: (850) 222-3119
Email Address: jdavis623@earthlink.net

C. WES PITTMAN
Attorney for Plaintiffs
Florida Bar No. 220507
Pittman & Perry
432 McKenzie Avenue
Panama City, Florida 32401
Telephone: (850) 784-9000
Facsimile: (850) 872-1969
Email Address: wes@pitmanfirm.com

# EXHIBIT A

to

DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AGAINST PLAINTIFF, **KATHRYN L. MORGAN**, AND INDIVIDUALIZED STATEMENT OF UNDISPUTED FACTS

FCHR Charge



*State of Florida*
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*



**Charlie Crist**
*Governor*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

FCHR No. 200701517
EEOC No.

**Complainant**

Ms. Kathryn L. Morgan
c/o Mr. John C. Davis, Esquire
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303

**Respondent**

Florida Department of Corrections
c/o Ms. Cathy Leggett, Assistant Chief Bureau of Personnel
Florida Department of Corrections
2601 Blairstone Road
Tallahassee, FL 32399

## NOTICE OF DISMISSAL

Pursuant to the authority vested in me by the Florida Commission on Human Relations (Commission), Rule 60Y-5.006, Florida Administrative Code [F.A.C.], I hereby issue the following determination dismissing the above-referenced complaint for the reason indicated below:

Complainant has voluntarily withdrawn the complaint from this Commission. More than 180 days have elapsed since the charge of discrimination was filed with this Commission and Complainant desires to file suit in a state court of competent jurisdiction in this matter pursuant to Section 760.11 (8). Rules 60Y-5.001(8), F.A.C. and 60Y-5.006 (5), F.A.C.

FOR THE FLORIDA COMMISSION ON HUMAN RELATIONS:

DATED: 7/25/07

Executive Director
*Derick Daniel*

## CERTIFICATION OF FILING AND SERVICE

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DISMISSAL was filed at Tallahassee, Florida and served upon the above-named addressees this _____ day of _____, 2007, by U.S. Mail.

BY: _Denise Crawford_
Clerk of the Commission

**COMMISSIONERS**

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair**<br>*Orlando* | **Gayle Cannon**<br>*Lake City* | **Billy Whitefox Stall**<br>*Panama City* | **Dr. Dominique B. Saliba**<br>*Miami Lakes* |
| **Keith A. Roberts**<br>*Dania Beach* | **Dr. Anne Hopkins**<br>*Jacksonville* | **Gilbert M. Singer**<br>*Tampa* | **Anice R. Prosser**<br>*Tallahassee* |
| **Shahrukh S. Dhanji**<br>*Coconut Creek* | | **Mario Valle**<br>*Naples* | **Dr. Onelia A. Fajardo**<br>*Miami* |

07/18/2007  17:52   8502223                                  JOHN C. DAVIS                    PAGE   29/39
                                 .A COMM ON HUMAN RELATIONS                    No. 1254   P. 19

          *State of Florida*
              **Florida Commission on Human Relations**            
                  *An Equal Opportunity Employer ● Affirmative Action Employer*

                      2009 Apalachee Parkway ● Suite 100 ● Tallahassee, Florida 32301-4857
                                      (850) 488-7082
                               Web Site http://fchr.state.fl.us

**Charlie Crist**                                                              **Rita Barreto Craig**
*Governor*                                                                     *Chair*

                                                                               **Derick Daniel**
                                                                               *Executive Director*

---

## ELECTION OF RIGHTS FORM

CHARGING PARTY: Kathryn L. Morgan
RESPONDENT: Florida Department of Corrections
FCHR No. 200701517

CHARGING PARTY – Please complete information below, checking only one:

I am aware that the Florida Commission on Human Relations (FCHR) and protects my right to file a complaint of employment or public accommodation discrimination. I have been advised that it is unlawful for any person covered by the Florida Civil Rights Act of 1992, to threaten, intimidate or harass me because I have filed a complaint.

___✓___ (a) More than 180 days have elapsed since I filed my complaint of discrimination. I wish to withdraw my complaint with the Florida Commission on Human Relations so that I can file a civil action in a state court of competent jurisdiction as provided under Florida Statutes Section 760.11 (4) (a) and (8).

_____ (b) More than 180 days have elapsed since I filed my complaint of discrimination. I wish to withdraw my complaint and file a Petition for Relief in order to proceed with an administrative hearing as provided under Florida Statutes Section 760.11(4)(b) and (8). A Petition for Relief form must be completed before proceeding to the Division of Administrative Hearings (DOAH). Please contact your assigned Investigator or the Office of Customer Service and the form will be mailed to you.

_____ (c) I wish to withdraw my complaint of discrimination with the Florida Commission on Human Relations and because I no longer wish to pursue this matter or because this matter has been resolved.

_____ (d) I want the Commission to continue with the processing, and investigation of my complaint.


Signed: _____          Dated: __8/17/07__

        John C. Davis
        FBN 827770
        Attorney for Kathryn Morgan

---

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair** *Orlando* | **Gayle Cannon** *Lake City* | **Billy Whitefox Stall** *Panama City* | **Dr. Dominique B. Saliba** *Miami Lakes* |
| **Keith A. Roberts** *Davie Beach* | **Dr. Anne Hopkins** *Bellevuelle* | **Gilbert M. Singer** *Tampa* | **Anice R. Prosser** *Tallahassee* |
| **Shahrakh S. Dhanji** *Coconut Creek* | | **Mario Valle** *Naples* | **Dr. Onelia A. Fajardo** *Miami* |



**FLORIDA COMMISSION ON HUMAN RELATIONS**
**2009 Apalachee Parkway, Suite 100**
**Tallahassee, Florida 32301**

| Date Stamp (FCHR Use Only) |
|---|
| RECEIVED FLORIDA COMMISSION ON HUMAN RELATIONS 07 MAY -9 PM 2:49 |

| EMPLOYMENT CHARGE OF DISCRIMINATION | | FCHR No. 200701517 | |
|---|---|---|---|
| **Name (Indicate Mr. or Ms.)** Ms. Kathryn L. Morgan | | **Email Address** | **Date of Birth** |
| **Mailing Address** c/o John C. Davis, Esq. and C. Wes Pittman, Esq. | | **Home Telephone Number (area code)** (850) 222-4770/(850) 784-9000 | |
| **City, State, and Zip Code** 623 Beard Street, Tallahassee FL 32303 432 McKenzie Avenue, Panama City, FL 32401 | | **Work (if possible to call you there)** (850) 222-4770/(850) 784-9000 | |

**List the employer, labor organization, employment agency, apprenticeship committee, government agency, or other person who discriminated against you.**

| **Name** Department of Corrections, State of Florida | **Number of Employees** 15+ | **Telephone Number** (850)773-6100 |
|---|---|---|
| **Street Address (Branch/Office in Florida)** 4455 Sam Mitchell Drive | **City, State and Zip Code** Chipley, Florida 32428 | **County** Washington |

| CAUSE OF DISCRIMINATION BASED ON - Check appropriate box(es) ☐ RACE  ☐ COLOR  X SEX  ☐ RELIGION  ☐ DISABILITY/HANDICAP ☐ NATIONAL ORIGIN  ☐ AGE  ☐ MARITAL STATUS  X RETALIATION X SEXUAL HARASSMENT | DATE MOST RECENT DISCRIMINATION TOOK PLACE (month, day, year) 12/2001 |
|---|---|

**THE PARTICULARS ARE (If additional space is needed, attach extra sheets(s):**
I believe I have been discriminated against pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act as applicable for the following reason(s):


SEE ATTACHED


**I REQUEST TO BE AFFORDED FULL RELIEF TO WHICH I AM ENTITLED TO UNDER THE LAW(S).**
**I will advise the agency if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.**

Under penalties of perjury, I declare that I have read the foregoing charge of discrimination and that the facts stated in it are true.
SIGNATURE OF COMPLAINANT                                                    DATE

*Kathryn Linne' Morgan*                                                    4-15-07

ATTACHMENT TO THE CHARGE OF DISCRIMINATION OF KATHRYN L.
MORGAN

I am a female, my Social Security Number is ███████████ and my date of birth is
█████████. I was employed by the Respondent, the State of Florida Department of
Corrections ("DOC"), as a Wellness Education Specialist at the Washington Correctional
Institution ("WCI") in Chipley, Florida. I was employed from June 1998 to December
2001.

As part of my duties, I was required to implement a Wellness program to inmates
of WCI who are under "close management" supervision. Throughout my employment at
WCI, I have suffered unwelcome sexual harassment by inmates during the performance
of my duties. The male inmates regularly masturbated at or, in prison slang used by the
inmates and the DOC staff, "gun" me. The DOC has been fully aware of the harassment
and has repeatedly failed to take appropriate measures to remedy the harassment. The
DOC has resisted my efforts to remedy the harassment.

The foregoing acts of the DOC have violated my right to be free from sexual
harassment and retaliation under the Florida Civil Rights Act of 1992, Chapter 760,
Florida Statutes, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
2000e et seq. The violation has been a continuing violation.

I further believe that the DOC has engaged in a pattern and practice of sexual
harassment against similarly situated employees including licensed practical nurses and
registered nurses employed at WCI and other DOC correctional institutions throughout
the state of Florida in violation of Chapter 760 and Title VII.

There have been previous proceedings before the FCHR and EEOC regarding the
harassment complained of herein:

Mary Adair, FCHR Case No. 2200534/EEOC No. 15DA200356
Patricia Anderson, FCHR No. 2200535/EEOC No. 15DA200359
Melanie Beckford, FCHR No. 2200536/EEOC No. 15DA200355
Marsha Bigler, FCHR No. 2200537/EEOC No. 15DA200357
Susan W. Black, FCHR No. 2200538/EEOC No. 15DA200362
Olivia Crisafi, FCHR No. 2200539/EEOC No. 15DA200361
Tita J. De La Cruz, FCHR No. 2200540/EEOC No. 15DA200354
Charlene F. Fontneau, FCHR No. 2200541/EEOC No. 15DA200360
Sharon Hagan, FCHR No. 2200542/EEOC No. 15DA200372
Edna Merida Hall, FCHR No. 2200543/EEOC No. 15DA200358
Judith A. Ivey, FCHR No. 2200544/EEOC No. 15DA200373
Beverly J. Jenkins, FCHR No.2200545/EEOC No. 15DA200371
Paula La Croix, FCHR No. 2200546/EEOC No. 15DA200379
Sandra Lewis, FCHR No. 2200547/EEOC No. 15DA200369
Joyce Meyer, FCHR No. 2200548/EEOC No. 15DA200370
Nancy A. Mitchell, FCHR No. 2200549/EEOC No. 15DA200377

Sushma Parekh, M.D., FCHR No. 2200550/EEOC No. 15DA200374
Donna Pixley, FCHR No. 220055/EEOC No. 15DA200378
Vesna Poirier, FCHR No. 2200552/EEOC No. 15DA200376
Michele Pollock, FCHR No. 2200553/EEOC No. 15DA200375
Kathleen A. Rudolph, FCHR No. 2200554/EEOC No. 15DA200363
Lourdes Silvagnoli, FCHR No. 2200555/EEOC No. 15DA200367
Janet Smith, FCHR No. 2200556/EEOC No. 15DA200368
Lee Wascher, FCHR No. 2200557/EEOC No. 15DA200366
Carol Woods, FCHR No. 2200558/EEOC No. 15DA200364

A class action suit was filed by the above complainants in the Washington County Circuit Court in April 2002, <u>Rudolph et al. v. Department of Corrections</u>, Case No. 67-02-CA-178. The case was certified as a class action and remained so until November 9, 2006 when it was decertified by the United States District Court, Northern District of Florida. A trial of the claims of 12 of the above complainants was held in Panama City and on January 29, the federal district court entered judgments on the verdicts of the jury in favor of the complainants in the total amount of $990,000 finding the DOC had engaged in illegal sexual harassment of the complainants.

Under the law I am entitled to rely upon the charges of the complainants identified above under the single filing because the harassment I am complaining of occurred in the same time frame and under the same circumstances. Further, my obligation to file a charge was tolled by virtue of the case of the above complainants being filed and certified as a class action, of which action I was a class member.

I hereby request that this charge of discrimination be filed with the Equal Employment Opportunity Commission.







# *State of Florida*
# Florida Commission on Human Relations

*An Equal Opportunity Employer ● Affirmative Action Employer*

2009 Apalachee Parkway ● Suite 100 ● Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us



**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

## NOTICE OF RECEIPT OF COMPLAINT

June 11, 2007

Ms. Kathryn L. Morgan
c\o John C. Davis, Esquire
623 Beard Street
Tallahassee, FL 32303

Re:   FCHR No. 200701517
      Morgan, Kathryn v. Florida Department of Corrections

Dear Ms. Morgan:

The Commission has received your complaint of employment discrimination and has assigned the above referenced charge number.  You filed your charge under the Florida Civil Rights Act of 1992, as amended (Chapter 760, Florida Statutes).  The Commission will provide a copy of your charge and notice of charge to the Respondent simultaneously with this notice.  We will make every attempt to investigate your claim within 180 days and if we exceed that time limit, we will notify you by letter of your options.

The law prohibits retaliation against any person for making a complaint, testifying, assisting or participating in an investigation, proceeding, or hearing of an alleged unlawful employment practice. If you believe that any retaliation has occurred, contact this Commission immediately.

In connection with your complaint of discrimination, you are invited to attend and participate in a Mediation Conference in an effort to expeditiously and amicably resolve this dispute.  The mediation process offers an alternative to investigation of this complaint and is designed to allow the parties to resolve this matter in a voluntary and informal process.  The enclosed brochure describes the mediation process in detail.  It is our experience that mediation results in reduced costs, avoids lengthy investigations, and leads to early resolutions in a non-adversarial proceeding.

---

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair** *Orlando* | **Gayle Cannon** *Lake City* | **Billy Whitefox Stall** *Panama City* | **Dr. Dominique B. Saliba** *Miami Lakes* |
| **Keith A. Roberts** *Dania Beach* | **Dr. Anne Hopkins** *Jacksonville* | **Gilbert M. Singer** *Tampa* | **Anice R. Prosser** *Tallahassee* |
| **Shahrukh S. Dhanji** *Coconut Creek* | | **Mario Valle** *Naples* | **Dr. Onelia A. Fajardo** *Miami* |

Notice of Receipt of Complaint, FCHR No.  200701517
Page Two

If you wish to participate in FCHR's Mediation process, please sign, date and return the enclosed Agreement to Mediate and Confidentiality Agreement no later than ten (10) days of the date of this letter.  If you do not return these forms with your signature and date within ten (10) days of the date of this letter, indicating that you are interested in mediation, then we will proceed with the investigation of this case.

Regulations require that you immediately notify this Commission of any change in your address or telephone number, as well as keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

When corresponding with this Commission concerning this matter, please include FCHR No. 200701517.

Sincerely,


Lead Investigator

Enclosures



### State of Florida
# Florida Commission on Human Relations
*An Equal Opportunity Employer ● Affirmative Action Employer*

2009 Apalachee Parkway ● Suite 100 ● Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us



**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

## AGREEMENT TO MEDIATE

FCHR No.: 200701517

Charging Party: Morgan, Kathryn                    Respondent: Florida Department of Corrections

This is an agreement by the parties to participate in a mediation involving Kathryn Morgan and Florida Department of Corrections in the above referenced charge. The parties understand that mediation is a voluntary process, which may be terminated at any time.

The Commission invites the parties and, if they desire, their representatives and/or attorneys to attend a mediation session. No one else may attend without the permission of the parties and the consent of the mediator(s).

The mediator(s) will not function as the representative of either party. However, the mediator(s) may assist the parties in understanding their rights and the terms of any proposed settlement agreement. Each party acknowledges that they have been advised by the Commission to seek independent legal review prior to signing any settlement agreement.

The parties acknowledge that they have received a copy of the Mediation Fact Sheet.

The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or if either party or the mediator deems the case inappropriate for mediation.

The parties recognize that mediation is a confidential process and agree to abide by terms of the attached Confidentiality Agreement.

_____                    _____
Charging Party                    Date                    Respondent                    Date

_____                    _____
Charging Party's Representative  Date                    Respondent's Representative    Date

### COMMISSIONERS

**Dr. Donna Elam, Vice Chair**
*Orlando*

**Gayle Cannon**
*Lake City*

**Billy Whitefox Stall**
*Panama City*

**Dr. Dominique B. Saliba**
*Miami Lakes*

**Keith A. Roberts**
*Dania Beach*

**Dr. Anne Hopkins**
*Jacksonville*

**Gilbert M. Singer**
*Tampa*

**Anice R. Prosser**
*Tallahassee*

**Shahrukh S. Dhanji**
*Coconut Creek*

**Mario Valle**
*Naples*

**Dr. Onelia A. Fajardo**
*Miami*

## CONFIDENTIALITY AGREEMENT

FCHR No.: 200701517

1.   The parties agree to participate voluntarily in mediation in an effort to resolve the charge(s) filed with the FCHR.

2.   The parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding.   Confidentiality, however, will not extend to threats of imminent physical harm or incidents of actual violence that occur during the mediation.

3.   The parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any documents provided by a party in any pending or future administrative or judicial proceeding.   The mediator(s) will not voluntarily testify on behalf of a party in any pending or future administrative or judicial proceeding.   The parties further agree that the mediator(s) will be held harmless for any claim arising from the mediation process.

4.   Mediation sessions will not be tape-recorded or transcribed by the FCHR, the mediator or any of the participants.   All information or materials provided to or created by the mediator including all notes, records or documents generated during the course of the mediation shall be destroyed by the mediator after conclusion of the mediation.   Parties or their representatives are not prohibited from retaining their own notes.   However, the FCHR will not maintain any such notes or records as part of its record keeping procedures.

5.   If a settlement is reached by all the parties, the agreement shall be reduced to writing and when signed shall be binding upon all parties to the agreement.   If the charge(s) is not resolved through mediation, it is understood by the parties that the charge(s) will be transferred to the investigative unit for further processing.


_____

Charging Party              Date

_____

Charging Party Representative  Date


_____

Respondent              Date

_____

Respondent Representative   Date





## State of Florida
# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us

**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

---

## TELEFAX TRANSMITTAL MEMORANDUM
## FCHR FAX NUMBER:  (850) (487-4957)

**DATE:  June 29, 2007**

**TO:  Mr. John C. Davis, Esquire**

**Recipients Facsimile No. (850)222-3119**
**Re:  vs. Florida Department of Corrections**
**FCHR#**
**EEOC #**

**FROM:  Dee Dee McGee**

**Total Number of Pages Transmitted Including Cover Page: 19 pages**

**Original to Follow:      By Mail      By Courier      X Not to Follow**

**COMMENTS:** Please send the original signature on each of the Election of Rights forms. If you should have any questions I can be reached at (850) 488-7082 ex 1081.

If you encounter any difficulty in receiving this transmittal or only receive a portion of the total pages, please call my office number, 850.488.7082 AS SOON AS POSSIBLE. The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED.

---

### COMMISSIONERS

**Dr. Donna Elam, Vice Chair**
*Orlando*

**Gayle Cannon**
*Lake City*

**Billy Whitefox Stall**
*Panama City*

**Dr. Dominique B. Saliba**
*Miami Lakes*

**Keith A. Roberts**
*Dania Beach*

**Dr. Anne Hopkins**
*Jacksonville*

**Gilbert M. Singer**
*Tampa*

**Anice R. Prosser**
*Tallahassee*

**Shahrukh S. Dhanji**
*Coconut Creek*

**Mario Valle**
*Naples*

**Dr. Onelia A. Fajardo**
*Miami*



*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer ●Affirmative Action Employer*

2009 Apalachee Parkway ● Suite 100 ● Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us



**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

June 28, 2007

Kathryn L. Morgan
c/o Mr. John C. Davis, Esquire
623 Beard Street
Tallahassee, FL 32303

Re: FCHR No. 200701517

Dear Mr. Davis:

The records of the Florida Commission on Human Relations (Commission) indicate that more than 180 days have elapsed since you filed your complaint of discrimination. Although your complaint remains pending with this agency, the Commission has not yet completed the investigation in your case.

Since your complaint has been pending with the Commission for more than 180 days, you are advised that you have the following options:

    (a) File a civil action in a court of competent jurisdiction;
    (b) File a petition to have your case heard by an Administrative Law Judge
    of the Florida Division of Administrative Hearings (DOAH);
    (c) Withdraw your case if you no longer wish to pursue this matter
    for any reason or you have resolved your case; or
    (d) Allow the Commission to continue with the processing, investigation
    and final action in this matter.

Should you elect option (a), which provides you the opportunity to file a civil action in a court of competent jurisdiction, you have four years from the alleged harm to commence a civil action under the Florida Civil Rights Act of 1992, (see Joshua v. City of Gainesville, 768So.2d 432 (Fla. 2000).

Should you elect option (b), which provides you the opportunity to file a petition to have your case heard by an Administrative Law Judge of the Florida Division of Administrative Hearings, you have from the 181st day of filing the complaint through 35 days after the date of the issuance of the "reasonable cause" determination to file the petition. Wilson v Scotty's, Inc., Order No. 98-032 (FCHR December 30, 1998). A Petition for Relief form

---

**COMMISSIONERS**

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair** *Orlando* | **Gayle Cannon** *Lake City* | **Billy Whitefox Stall** *Panama City* | **Dr. Dominique B. Saliba** *Miami Lakes* |
| **Keith A. Roberts** *Dania Beach* | **Dr. Anne Hopkins** *Jacksonville* | **Gilbert M. Singer** *Tampa* | **Anice R. Prosser** *Tallahassee* |
| **Shahrukh S. Dhanji** *Coconut Creek* | | **Mario Valle** *Naples* | **Dr. Onelia A. Fajardo** *Miami* |



# *State of Florida*
# Florida Commission on Human Relations

*An Equal Opportunity Employer* • *Affirmative Action Employer*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us



**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

---

Kathryn L. Morgan
June 28, 2007
FCHR No. 200701517
Page Two

must be completed before proceeding to the Division of Administrative Hearings (DOAH). Please contact your assigned Investigator or the Office of Customer Service and the form will be mailed to you.

Should you elect option (c), specifying that you wish to withdraw your case, we will close your case and take no further action.

Should you elect option (d), we will continue with the processing, investigation and final action in this matter.

It is recommended that you consult with an attorney of your choice to help you decide which course of action to take.

Please complete the enclosed form by checking the appropriate line, then sign, date and mail back to this Commission within 15 days of the RECEIPT of this letter.

**You are advised that it is unlawful for anyone to coerce, threaten or intimidate you regarding the pursuit of rights protected under federal and state anti-discrimination laws.**

The time frames for your case are as follows:    Filing date: 8/31/2001
                                                  Date of harm:
                                                  Four years:

If you have any general questions concerning this matter, please contact your assigned investigator at (850) 488-7082.

Sincerely,

Dee Dee McGee
Employment Investigations Manager

---

**COMMISSIONERS**

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair** *Orlando* | **Gayle Cannon** *Lake City* | **Billy Whitefox Stall** *Panama City* | **Dr. Dominique B. Saliba** *Miami Lakes* |
| **Keith A. Roberts** *Dania Beach* | **Dr. Anne Hopkins** *Jacksonville* | **Gilbert M. Singer** *Tampa* | **Anice R. Prosser** *Tallahassee* |
| **Shahrukh S. Dhanji** *Coconut Creek* | | **Mario Valle** *Naples* | **Dr. Onelia A. Fajardo** *Miami* |





## State of Florida
# Florida Commission on Human Relations
*An Equal Opportunity Employer •Affirmative Action Employer*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us

**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

---

## ELECTION OF RIGHTS FORM

CHARGING PARTY: Kathryn L. Morgan
RESPONDENT:  Florida Department of Corrections
FCHR No. 200701517

CHARGING PARTY - Please complete information below, checking only one:

I am aware that the Florida Commission on Human Relations (FCHR) and protects my right to file a complaint of employment or public accommodation discrimination.  I have been advised that it is unlawful for any person covered by the Florida Civil Rights Act of 1992, to threaten, intimidate or harass me because I have filed a complaint.

_____ (a) More than 180 days have elapsed since I filed my complaint of discrimination.  I wish to withdraw my complaint with the Florida Commission on Human Relations so that I can file a civil action in a state court of competent jurisdiction as provided under Florida Statutes Section 760.11 (4) (a) and (8).

_____ (b) More than 180 days have elapsed since I filed my complaint of discrimination.  I wish to withdraw my complaint and file a Petition for Relief in order to proceed with an administrative hearing as provided under Florida Statutes Section 760.11(4)(b) and (8). A Petition for Relief form must be completed before proceeding to the Division of Administrative Hearings (DOAH). Please contact your assigned Investigator or the Office of Customer Service and the form will be mailed to you.

_____ (c) I wish to withdraw my complaint of discrimination with the Florida Commission on Human Relations and because I no longer wish to pursue this matter or because this matter has been resolved.

_____ (d) I want the Commission to continue with the processing, and investigation of my complaint.

Signed: _____       Dated: _____

---

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair** *Orlando* | **Gayle Cannon** *Lake City* | **Billy Whitefox Stall** *Panama City* | **Dr. Dominique B. Saliba** *Miami Lakes* |
| **Keith A. Roberts** *Dania Beach* | **Dr. Anne Hopkins** *Jacksonville* | **Gilbert M. Singer** *Tampa* | **Anice R. Prosser** *Tallahassee* |
| **Shahrukh S. Dhanji** *Coconut Creek* | **Mario Valle** *Naples* | | **Dr. Onelia A. Fajardo** *Miami* |

P. 1

```
*  *  *  Communication Result Report ( Jun. 29. 2007  9:30AM )  *  *  *
                                                   1)
                                                   2) FLA COMM ON HUMAN RELATIONS
```

Date/Time: Jun. 29. 2007  9:27AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 1254 | Memory TX | 2223119 | P. 19 | OK | |

-----------------------------------------------------------------------

```
Reason for error
  E. 1) Hang up or line fail          E. 2) Busy
  E. 3) No answer                     E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size
```




### State of Florida
### Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*
2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857
(850) 488-7082
Web Site http://fchr.state.fl.us

Charlie Crist
*Governor*

Rita Barreto Craig
*Chair*

Derick Daniel
*Executive Director*

### TELEFAX TRANSMITTAL MEMORANDUM
### FCHR FAX NUMBER:  (850) (487-4937)

**DATE:** June 29, 2007

**TO:** Mr. John C. Davis, Esquire

**Recipients Facsimile No. (850)222-3119**
**Re: vs. Florida Department of Corrections**
**FCHR#**
**EEOC #**

**FROM: Dee Dee McGee**

**Total Number of Pages Transmitted Including Cover Page: 19 pages**

**Original to Follow:   By Mail    By Courier    X Not to Follow**

***COMMENTS:*** Please send the original signature on each of the Election of Rights forms. If you should have any questions I can be reached at (850) 488-7082 ex 1081.

If you encounter any difficulty in receiving this transmittal or any receive a portion of this total pages, please call my office number, 850.488.7082 AS SOON AS POSSIBLE. The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is STRICTLY PROHIBITED.

### COMMISSIONERS

Dr. Donna Flagg, Vice Chair        Gayle Cannon        Billy Whitehead Bell        Dr. Dominique R. Saliba
*Orlando*                          *Lake City*         *Panama City*               *Miami Lakes*

Keith A. Roberts        Dr. Anna Hopkins        Gilbert M. Singer        Anita M. Pramar
*Stuart Beach*          *Jacksonville*          *Tampa*                  *Tallahassee*

Shahrukh S. Bhanji        Marie Valle        Dr. Onelia A. Fajardo
*Coconut Creek*           *Naples*           *Miami*





*State of Florida*

# Florida Commission on Human Relations

*An Equal Opportunity Employer •Affirmative Action Employer*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857

(850) 488-7082

Web Site http://fchr.state.fl.us



**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

## NOTICE OF FILING OF COMPLAINT OF DISCRIMINATION

### June 11, 2007

Florida Department of Corrections
C/o Ms. Cathy Leggett, Assistant Chief Bureau of Personnel
2601 Blairstone Road
Tallahassee, FL 32399
Certified Receipt #: 70060810000233558875

Re: FCHR No. 200701517
Morgan v. Florida Department of Corrections

Dear Ms. Leggett:

Kathryn Morgan has filed a charge of employment discrimination against your company or organization under the Florida Civil Rights Act of 1992, as amended (Chapter 760, Florida Statutes).

Please carefully review the following:

    (1) Rule 60Y-5001 (10), Florida Administrative Code, requires that once a complaint has been served upon a respondent, the respondent shall preserve all records and other evidence, which may pertain to the complaint until the matter, has been finally determined.

    (2) The Civil Rights Act of 1992 prohibits retaliation against any person who files a complaint, testifies, assists, or participates in an investigation, proceeding, or hearing under the Act.

The Commission invites you to participate in a Mediation Conference in an effort to expeditiously resolve this dispute. Mediation offers an alternative to investigation of this complaint and by design will allow the parties to resolve this matter in a voluntary and informal process. The enclosed brochure describes the mediation process in detail. It is our experience that mediation results in reduced costs, avoids lengthy investigations, and leads to early resolutions in a non-adversarial proceeding.

If you wish to participate in FCHR's Mediation process, please sign, date, and return the enclosed Agreement to Mediate and Confidentiality Agreement no later than ten (10) days of the date of this letter. If you do not return these forms with your signature and date within ten (10) days of the date of this letter indicating that you are interested in mediation, we will consider Mediation declined. You must furnish the enclosed Information/Document Request and Affidavit to Authenticate Documents within twenty-one (21) days of the date of this letter (Commission Rule 60Y-5.003, Florida Administrative Code) regardless of whether or not you agree to mediate.

---

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Dr. Donna Elam, Vice Chair**<br>*Orlando* | **Gayle Cannon**<br>*Lake City* | **Billy Whitefox Stall**<br>*Panama City* | **Dr. Dominique B. Saliba**<br>*Miami Lakes* |
| **Keith A. Roberts**<br>*Dania Beach* | **Dr. Anne Hopkins**<br>*Jacksonville* | **Gilbert M. Singer**<br>*Tampa* | **Anice R. Prosser**<br>*Tallahassee* |
| **Shahrukh S. Dhanji**<br>*Coconut Creek* | | **Mario Valle**<br>*Naples* | **Dr. Onelia A. Fajardo**<br>*Miami* |

Notice of Filing, FCHR No. 200701517
Page Two

The Information/Document Request will aid in obtaining relevant and necessary information needed to evaluate the factual allegations made in the complaint of discrimination.  Please note that if you do not provide the requested information, your actions may result in adverse findings or the Commission may invoke its power to subpoena the information. You are therefore required to respond completely to each item of this Request for Information.  THIS IS AN INITIAL INVESTIGATIVE INQUIRY AND ADDITIONAL INFORMATION MAY BE REQUIRED IN THE FUTURE.

In the event you receive this letter and are not the authorized representative for this company or organization, please **forward this correspondence to such person immediately or contact the Commission at (850) 488-7082.**

Sincerely,

Lead Investigator



*State of Florida*
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us



**Charlie Crist**
*Governor*

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

---

## AGREEMENT TO MEDIATE

FCHR No.: 200701517

Charging Party: Kathryn Morgan                    Respondent: Florida Department of Corrections

This is an agreement by the parties to participate in a mediation involving Kathryn Morgan and Florida Department of Corrections in the above referenced charge. The parties understand that mediation is a voluntary process and, as such, is subject to termination at any time.

The Commission invites the parties and, if they desire, their representatives and/or attorneys to attend a mediation session. No one else may attend without the permission of the parties and the consent of the mediator(s).

The mediator(s) will not function as the representative of either party. However, the mediator(s) may assist the parties in understanding their rights and the terms of any proposed settlement agreement. Each party acknowledges that they are, by these terms, advised by the Commission to seek independent legal review prior to signing any settlement agreement.

The parties acknowledge that they have received a copy of the Mediation Fact Sheet.

The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or if either party or the mediator deems the case inappropriate for mediation.

The parties recognize that mediation is a confidential process and agree to abide by terms of the attached Confidentiality Agreement.

_____
Charging Party                     Date

_____
Respondent                         Date

_____
Charging Party's Representative Date

_____
Respondent's Representative     Date

---

### COMMISSIONERS

**Dr. Donna Elam, Vice Chair**
*Orlando*

**Gayle Cannon**
*Lake City*

**Billy Whitefox Stall**
*Panama City*

**Dr. Dominique B. Saliba**
*Miami Lakes*

**Keith A. Roberts**
*Dania Beach*

**Dr. Anne Hopkins**
*Jacksonville*

**Gilbert M. Singer**
*Tampa*

**Anice R. Prosser**
*Tallahassee*

**Shahrukh S. Dhanji**
*Coconut Creek*

**Mario Valle**
*Naples*

**Dr. Onelia A. Fajardo**
*Miami*

## CONFIDENTIALITY AGREEMENT

FCHR No.:

1.   The parties agree to participate voluntarily in mediation in an effort to resolve the charge(s) filed with the FCHR.

2.   The parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding. Confidentiality, however, will not extend to threats of imminent physical harm or incidents of actual violence that occur during the mediation.

3.   The parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any documents provided by a party in any pending or future administrative or judicial proceeding. The mediator(s) will not voluntarily testify on behalf of a party in any pending or future administrative or judicial proceeding. The parties further agree that the mediator(s) is held harmless for any claim arising from the mediation process.

4.   Mediation sessions will not be tape-recorded or transcribed by the FCHR, the mediator or any of the participants. All information or materials provided to or created by the mediator including all notes, records or documents generated during the course of the mediation shall be destroyed by the mediator after conclusion of the mediation. Parties or their representatives may retain their own notes. However, the FCHR will not maintain any such notes or records as part of its record keeping procedures.

5.   Any settlement reached by all the parties will be reduced to a written agreement which, when signed, shall be binding upon all parties to the agreement. The Commission will fully investigate all charge (s) not resolved through the mediation process.

| | |
|---|---|
| _____ | _____ |
| Charging Party            Date | Respondent            Date |
| | |
| _____ | _____ |
| Charging Party Representative Date | Respondent Representative   Date |

## INFORMATION/DOCUMENT REQUEST

FCHR: 200701517

1. What is the corporate legal name of your company or agency?

2. Describe your business operations or agency functions.

   (If you have had less than 15 employees on your payroll in each of 32 or more calendar weeks in both the current and preceding calendar year, the complaint is subject dismissal for lack of jurisdiction. If you claim less than 15 employees, you must submit copies of your payroll records, a sworn statement that you do not have interrelated operations with other entities, and copies of your most recent IRS Form 940 or 941 and LES Form UCT-6 and UCT-6W Forms. Do not proceed further if you have less than 15 employees for the current and preceding years.)

3. Submit a statement that thoroughly addresses your position regarding the events alleged by Complainant. Provide a direct response to each allegation as stated on the complaint. Include any additional information and explanation you consider relevant to the complaint.

4. Provide sworn statements or affidavits from the officials who were responsible for the actions taken which led to this complaint, explaining why they deemed the actions necessary. Send sworn statements from other individuals who can verify the facts in supports of your position.

5. Provide copies of documents from official records in support of your position. Include copies of relevant personnel action forms and memoranda from the personnel files of Complainant and any comparatives.

6. Send copies of appropriate sections of written rules, policies, and procedures or portions of policy manuals or employee handbooks which relate to the issues raised in the complaint. Provide an explanation for any unwritten policies or established practices which apply to the issues.

7. Provide your total number of employees at the facility that employs Complainant, with a breakdown by race (white, black, Hispanic, Asian, American Indian) and gender (male and female). Send your latest EEO-1 report to meet this requirement. If this complaint is based on disability, send the total number of employees with known disabilities and omit race and gender.

8. If the complaint was based on a disability, pregnancy, or religion, indicate what efforts were undertaken to accommodate the condition/basis. If there was no accommodation, please explain why.

   NOTE: "Current year" means the calendar year during which the most recent personal harm occurred.

   NOTE: You are invited to submit any proposal that might be considered for resolution of this complaint. This may be done now or at any time during the investigation of this complaint.

State of _____
County of _____

## **AFFIDAVIT TO AUTHENTICATE DOCUMENTS**

**1.**       **TRUE AND CORRECT COPIES**

I (We)

_____
(Names(s) of custodian(s) of record(s)

_____
(Title(s) of such person(s)

after being duly sworn, hereby attest that the attached documents are true and correct copies of the originals
maintained by _____
(Name of Respondent or Entity Keeping Documents)

_____
(Name of Sections(s) or Division(s) Maintaining Records(s)

_____
(Signature of Custodian(s)

Sworn to and subscribed before me this

_____ day of _____, 20_____

_____
(Notary Public)

My Commission Expires:_____

**2.**       **ACCURACY OF ORIGINAL DOCUMENTS**

(I) We _____
(Names(s) of persons generating documents or person(s) familiar with events reflected in
documents)

_____
(Title(s) of such person(s)

after being duly sworn hereby attests that the originals of the attached documents accurately reflect the events
recorded on them.

_____
(Signature of Originator(s)

Sworn to and subscribed before me this

_____ day of _____, 20_____

_____
(Notary Public)

My Commission Expires:_____

JUN-28-2007  16:04        CORRECTIONS FOUNDATION              850 410 4411     P.01

# STATE OF FLORIDA
# DEPARTMENT OF CORRECTIONS

### 2601 BLAIR STONE ROAD
### Tallahassee, Florida 32399-2500

### BUREAU HUMAN RESOURCES



# FAX TRANSMITTAL

| DATE    June 28, 2007 | TIME: |
|---|---|
| TOTAL NUMBER OF PAGES:   3 | CONFIRMATION:  ❏ YES   ❏ NO |

| TO:    Dee Dee McGee | FROM:    Cathy Leggett |
|---|---|
| OFFICE:    FCHR | OFFICE: |
| PHONE #: | PHONE #:    (850) 410-4519 |
| FAX NUMBER:    (850) 487-9363 | FAX NUMBER:    (850) 922-9352 |

**CONFIDENTIALITY NOTICE**

This communication is intended for the sole use by the person to whom it is addressed.   It may contain information that is privileged, confidential, and/or exempt from public disclosure.

Any dissemination, distribution, and/or copying of this communication by anyone other than the designated recipient or the person normally responsible for its delivery is strictly prohibited.

If you have received this communication in error, please telephone the sender immediately.   Either destroy the communication or return it to the sender at the above address.

**COMMENTS**

FCHR No. 200701517
Kathryn Morgan v. Department of Corrections

# CONFIDENTIAL

JUN-28-2007  16:04        CO. _CTIONS FOUNDATION                    850 410 4411      P.02



**FLORIDA
DEPARTMENT of
CORRECTIONS**

Governor
**CHARLIE CRIST**

*An Equal Opportunity Employer*

Secretary
**JAMES R. McDONOUGH**

2601 Blair Stone Road • Tallahassee, FL 32399-2500
Phone (850) 488-2326 / Facsimile (850) 410-4157

http://www.dc.state.fl.us

Ms. Brenshinita "Dee Dee" McGee
Investigations Manager
Florida Commission on Human Relations
2009 Apalachee Parkway, Suite 100
Tallahassee, FL 32301-4857

June 28, 2007

Re: FCHR No. 200701517
Kathyrn Morgan v. Florida Department of Corrections

**SENT VIA FACSIMILE AND U. S. MAIL (850) 487-9363**

Dear Ms. McGee:

Please be advised that the Department of Corrections received the Notice of Filing of Complaint of Discrimination in the above matter on June 18, 2007.

A representative from the Department, Ms. Patricia Linn, telephoned you yesterday, June 27, 2007. At the outset of that discussion you advised Ms. Linn that there was no need for the Department to submit any response because the Commission had already decided it was going to issue a Right to Sue letter with regard to this claim.

This position of the Commission had already been made notwithstanding the fact that the Department was not provided with an opportunity to respond to the claim, and that the Notice itself states that a response "will aid in obtaining relevant and necessary information needed to evaluate the factual allegations made in the complaint of discrimination."

If the above does not comport with your understanding of the substance of yesterday's discussion with Ms. Linn and the Commission's position on this matter, please immediately respond to me in writing to clarify any misunderstandings.

Sincerely,

Cathy Leggett
Assistant Chief of Personnel
Florida Department of Corrections

2



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL™**

7006 0810 0002 3355 8875

7006 0810 0002 3355 8875

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F C A U S M

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Postmark
Here

Florida Department of Corrections
c/o Ms. Cathy Leggett
Assistant Chief Bureau of Personnel
2601 Blairstone Road
Tallahassee, FL 32399



**FLORIDA
DEPARTMENT of
CORRECTIONS**

2007 JUL -2 AM 10: 06

Governor
**CHARLIE CRIST**

Secretary
**JAMES R. McDONOUGH**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500
Phone (850) 488-2326 / Facsimile (850) 410-4157

http://www.dc.state.fl.us

Ms. Brenshinita "Dee Dee" McGee
Investigations Manager
Florida Commission on Human Relations
2009 Apalachee Parkway, Suite 100
Tallahassee, FL 32301-4857

June 28, 2007

Re: FCHR No. 200701517
<u>Kathyrn Morgan v. Florida Department of Corrections</u>

**<u>SENT VIA FACSIMILE AND U. S. MAIL (850) 487-9363</u>**

Dear Ms. McGee:

Please be advised that the Department of Corrections received the Notice of Filing of Complaint of Discrimination in the above matter on June 18, 2007.

A representative from the Department, Ms. Patricia Linn, telephoned you yesterday, June 27, 2007. At the outset of that discussion you advised Ms. Linn that there was no need for the Department to submit any response because the Commission had already decided it was going to issue a Right to Sue letter with regard to this claim.

This position of the Commission had already been made notwithstanding the fact that the Department was not provided with an opportunity to respond to the claim, and that the Notice itself states that a response "will aid in obtaining relevant and necessary information needed to evaluate the factual allegations made in the complaint of discrimination."

If the above does not comport with your understanding of the substance of yesterday's discussion with Ms. Linn and the Commission's position on this matter, please immediately respond to me in writing to clarify any misunderstandings.

Sincerely,

Cathy Leggett
Assistant Chief of Personnel
Florida Department of Corrections

# EXHIBIT B

to

<u>DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AGAINST PLAINTIFF,
**KATHRYN L. MORGAN**, AND INDIVIDUALIZED STATEMENT OF UNDISPUTED
FACTS</u>

Answers to DOC's 2nd Interrogatories

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AUSTIN, ET AL.,

      Plaintiffs,

-vs.-                    Case No.  4:09 CV 97 RS-WCS

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

      Defendant.

---

PLAINTIFF KATHRYN L. MORGAN'S ANSWERS TO
DEFENDANT'S SECOND INTERROGATORIES

---

TO:    See below listed certificate of service

    Plaintiff KATHRYN L. MORGAN by and through her undersigned attorney, responds to Defendant 's Second  Interrogatories as follows:

    1.    Did you and/or your attorneys receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC)? If yes, describe the date and circumstances involved. If no, explain your understanding of why you did not receive a right to sue letter and any efforts you/and or your attorneys made to obtain one.

*Answer:*

        I exercise my right under Fed.R.Civ.P. 33(d) to produce documents with the information sought.  I previously produced all documents relating to my FCHR/EEOC charge in this litigation, including the charge itself which requests that it be filed with EEOC, correspondence and notices from FCHR, letters and e-mails to Jim Colon, Dennis Kendrick and Marie Depaz of EEOC and Karen Ferguson of the Department of Justice.  By way of further response, I am informed that my attorney sent a letter to Jim Colon of the EEOC on September 2, 2008 requesting a Notice of Right to Sue for me and almost all of the other plaintiffs in this case.  I am further informed that my lawyer made multiple inquires with the EEOC and the U.S. Department of Justice regarding the request to Mr. Colon for Notices of Right to Sue, including e-mails and telephone conferences with

Dennis Kendrick and Marie Depaz of the EEOC in Miami and Karen
Ferguson of the Department of Justice.

I am informed that, after not receiving any responses from the EEOC in
Miami, my attorney spoke with Karen Ferguson of the Department of
Justice in late 2009 who told my attorney that the FCHR had not filed the
charges of discrimination, including mine, with the EEOC and the EEOC
would not therefore issue a right to sue.

2.      Identify each and every inmate who you allege sexually harassed
you during your employment with the Department of Corrections and was not identified
in your deposition.  For each inmate identified, include the inmates' full name, a
physical description (e.g. distinctive tattoo), the time period of the harassment and the
location (e.g. dorm and wing).

*Answer:*      I identified everyone at my deposition.

3.      Identify each and every security staff member who you allege failed
to follow procedures, failed to adequately respond to gunning by inmates. and/or
contributed in any way to the conduct at issue in this lawsuit, and was not already
identified in your deposition. For each person identified, include their full name, rank
and/or position, the time period of each ;alleged failure and/or contribution (including
dates if known), and a description of each failure and or contribution.

*Answer:*      I identified everyone at my deposition.

**VERIFICATION**

I, _Kathryn Lynne Morgan_ declare under penalty of perjury pursuant to 29 U.S.C. Section 1746 that the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief.

Dated: _5-21_ , 2010.

_KL Morgan_
Signature